

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAY BRADSHAW,
        Plaintiff,
    -against-
PAUL PICCOLO; JAMES TAYLOR;
CHRISTOPHER CLARK; PAUL FURNEY;
ADAM DOLAWAY; CLIFTON ADRIANCE;
FARMER and BENJAMIN OAKES,
        Defendants.

SECOND AMENDED COMPLAINT

Jury Trial Demanded

6:20-CV-06106 (EAW)

## PARTIES

1. Plaintiff, Jay Bradshaw, is currently confined at Upstate Correctional Facility.

2. Defendant JAMES TAYLOR, CHRISTOPHER CLARK, PAUL FURNEY, ADAM DOLAWAY, CLIFTON ADRIANCE, and FARMER are correctional officers employed at Southport Correctional Facility. They are sued in their individual capacity.

3. Defendant ADAM DOLAWAY is a correctional sergeant employed at Southport Correctional Facility. He is sued in his individual capacity.

4. Defendant PAUL PICCOLO is the superintendent of Southport Correctional Facility. He is sued in his individual capacity.

5. Defendant BENJAMIN OAKES is the medical provider and the nurse practitioner at Southport Correctional Facility. He is sued in his individual capacity.

## FACTS

6. On October 21, 2019, plaintiff was assaulted by the yard escort officers who removed him from the cell to conduct a search. Plaintiff submitted a grievance related to this incident and defendant Piccolo denied the grievance.

7. On November 5, 2019, plaintiff was assaulted by another officer. Plaintiff submitted a grievance related to this incident but Piccolo did not respond to the grievance.

1

8. On November 28, 2019, defendant Taylor threatened plaintiff, stating, "I will have you scream like a bitch," and he urged plaintiff to go the yard because he knew the yard officers wished to attack plaintiff. Plaintiff submitted a grievance related to this incident but Piccolo denied the grievance.

9. On December 5, 2019, plaintiff was assaulted by defendant Clark, who was the yard escort officer along with defendant Furney, when plaintiff was taken out the cell for a cell search. Plaintiff submitted a grievance related to this incident but Piccolo denied the grievance.

10. On December 8, 2019, defendant Taylor appeared at plaintiff's cell and spoke about Plaintiff's grievance dated November 29, 2019. Plaintiff asked to be left alone but Taylor continued his harassment and threatened Plaintiff stating, "I am going to continue this game," and left. Plaintiff submitted a grievance related to this incident and it was consolidated with prior grievance against Taylor.

11. Upon information and belief, when a grievance is filed, it is brought to the attention of the individuals involved; all grievances alleging assaults threats and harassment are forwarded to the Superintendent (Piccolo).

12. Despite Piccolo's knowledge of his officers' threats, harassment, and assaults, he took no disciplinary action against them nor did he try to control their action against Plaintiff.

13. On January 18, 2020, plaintiff was preparing for a visit and Clark and Furney appeared at his cell and shouted mockingly "14 cell, Bradshaw, you are up for a search."

14. Plaintiff was tightly handcuffed behind his back and Clark stated, "Oh, you wrote a grievance that I assaulted you."

15. When the cell door opened, and Clark "pounced" on the back of plaintiff's head and back and pushed him onto the bed, at which time Clark and Furney repeatedly pounded on Plaintiff's back for two to three minutes.

16. Plaintiff was then escorted to the shower, where he was placed in leg shackles, repeatedly struck in the head by Adriance, who also raised plaintiff's arms in the air by the cuffs and twisted and pulled causing plaintiff extreme pain for about 30 minutes.

2

17. After, plaintiff was brought to the day room area where nurse Austin viewed him for a few seconds, but she did not take plaintiff's vitals nor examine his injuries or provide pain medication although plaintiff was apparently in pain.

18. As a result of the assault, plaintiff suffered an abrasion to his ear, severe back pain that continued to affect his mobility, numbness, abrasions and cuts on his wrists, and a broken pinky finger.

19. As a result of this incident, Piccolo approved a deprivation order depriving Plaintiff of outdoor recreation until March 9, 2020. In addition, plaintiff was denied his visit on January 18 and 19.

20. On January 22, 2020, Dolaway threatened that plaintiff will feel worse pain while returning from the prison Hospital

21. On January 30, 2020, Farmer spoke to plaintiff about the incident with Clark and Furney on January 18, asked about his leg pain and vowed that he would break his legs when he does the search.

22. Piccolo failed to protect plaintiff from the assaults after being informed that correctional officers assaulted and threatened him on several occasions by the numerous grievances and complaints detailing the assaults and threats that were forwarded to him for resolution which he either denied or did not respond to and the assaults continued.

23. Defendants, individually and collectively, threatening and assaults against plaintiff for filing grievances constitute retaliation in violation of the First Amendment and cruel and unusual punishment in violation of the Eighth Amendment.

24. As a result of the foregoing, plaintiff suffered, inter alia, physical and mental injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

### Denial of Medical Care

25. Prior to plaintiff's arrival at Southport, plaintiff was told by a medical staff that he appears to be suffering from symptoms similar to stomach ulcer which seemingly has caused him constant and substantial abdominal pains, intense chest and upper back pains, aching

3

pains in his left thigh and pounding constant headaches. In addition, plaintiff was informed that the intense lower back pains in the kidney area that appear in the morning and early even are seemingly kidney stones. Plaintiff was prescribed Omeprazole for his stomach and Ibuprofen for pain, but plaintiff was never examined or diagnosed.

26. While at Southport, plaintiff symptoms continued and progressed. Plaintiff fully discussed his symptoms and pains and the prescribed medication and the medication he has been prescribed with defendant Oakes. Plaintiff also requested a full physical to determine the cause or causes of his symptoms and to be diagnosed.

27. On November 26, 2019, plaintiff was scheduled for bloodwork, but John Doe correction officer #1-2 refused to escort plaintiff to the medical unit as everyone else. Plaintiff submitted grievance dated November 28, 2019 regarding this incident, but it was denied by Piccolo.

28. On December 10, 2019, plaintiff was seen by Oakes, and Plaintiff answered all questions related to his and his family history but refused to answer questions about his religion and Oakes then terminated the questioning and did not perform a physican exam. Plaintiff's grievance regarding this incident was denied by Piccolo.

29. On January 2, 2020, plaintiff was again scheduled for blook work, but Correctional Officers John Doe 3 and 4 refused to escort Plaintiff to the medical unit. Grievance staff refused to file Plaintiff's grievance and Plaintiff appealed to Piccolo. After, Plaintiff submitted his grievance, medical staff referred him for a psychological examination because he filed grievances complaining about being denied medical treatment.

30. Plaintiff did not receive a physical exam and continued to suffer chronic pain in his abdomen, upper and lower back, and thigh that extended to his toes which were symptoms similar to stomach ulcer and kidney stones.

31. As a result of being denied a full physical exam and blood work, plaintiff's symptoms were never properly diagnosed and plaintiff suffered chronic and extreme pains that affected his dialy activities.

32. Defendant Piccolo was informed of plaintiff's medical conditions and lack of treatment through a number of complaints filed filed from November 2019 to

4

January 2020 which Piccolo denied, or in one instance, grievance staff refused to file, and Plaintiff appeal the denial to Piccolo.

33. Defendants, individually and collectively, denied plaintiff of medical care in violation of the Eighth Amendment.

34. As a result of the foregoing, plaintiff suffered, inter alia, physical and mental injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

## Previous Lawsuit

35. Currently pending in the Court of Claims is a suit related to the same facts giving rise to this complaint.

36. Currently before this Court if Bradshaw v. Piccolo, 21-cv-6604), which assert fact related to the Disciplinary ~~proced~~ proceedings stemming from this incident in this Complaint.

## Statement Of Claim

First: Plaintiff assert retaliation claims against defendant Taylor, Clark, Furney, Farmer and Adriance.

Second Claim: Plaintiff assert claims against defendant Taylor, Clark, Farmer, Piccolo and Dolaway for threats and harassment that were later followed up with physical force by Clark and others.

Third Claim: Plaintiff assert claim against nurse Austin and Oakes for the lack of medical care on January 18, 2020

Fourth Claim: Plaintiff assert claim against Oakes, John Doe 1-4 and Piccolo for the lack of medical care relating to the physical examination to determine the cause of his symptoms.

~~WHEREFORE, plaintiff~~      Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

5

A. Issue a declaratory judgment stating that:
   1. The physical abuse of the plaintiff by defendant Clark and Furney violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.
   2. Defendant Piccolo's failure to take action to curb the physical abuse of prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.
   3. The harassment, threats and assault of plaintiff for filing grievances by defendants Taylor, Clark, Furney, Dolaway, Adriance and Farmer violated plaintiff's rights under the First Amendment to the United States Constitution.
   4. Defendant Austin, Oakes and Piccolo action in failing to provide adequate medical care for plaintiff violated, and continue to violate, plaintiff's rights under the Eighth Amendment to the United States Constitution.
B. Award compensatory damages against all defendants, jointly and severally.
C. Award punitive damages against each defendants
D. Grant such other relief as it may appear that plaintiff is entitled.

I declare under penalty of perjury that the foregoing is true and correct.
Signed the 26 day of November 2021

Respectfully submitted,

*[signature]*

Mr. Jay Bradshaw
Plaintiff - Pro Se
DIN: 08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953